**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Larry Collins,** | ) | **CASE NO. 1:09 CV 2427** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Frank Shewalter, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Gallas (Doc. 24), which recommends dismissal of the Petition for Writ of Habeas Corpus now pending before the Court and denial of petitioner's Motion for Appointment of Counsel (Doc. 3). For the following reasons, the Report and Recommendation is ACCEPTED.

**INTRODUCTION**

Petitioner Larry Collins commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after his conviction on one count of receiving stolen property and two counts of felonious assault. Petitioner was sentenced to an 18-month sentence for the count of receiving stolen property, and an eight-year sentence for the

1

felonious assault counts, to be served concurrently. Petitioner's convictions were affirmed by the Ohio Eighth District Court of Appeals on May 15, 2008. The Ohio Supreme Court denied him leave to appeal on December 3, 2008. He filed a delayed application in the Court of Appeals to reopen his appeal under Ohio App. R. 26(B) on July 14, 2008, which was denied on October 22, 2008. He appealed this decision to the Ohio Supreme Court, which declined jurisdiction. This matter has been fully briefed and the Magistrate Judge has issued his Report and Recommendation recommending that the Petition be dismissed. Petitioner has filed Objections to the Report and Recommendation.

**STANDARD OF REVIEW**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**DISCUSSION**

**A.     Grounds for Relief**

The Petition sets forth ten grounds for relief. Petitioner voluntarily withdrew grounds one and six. The remaining grounds are set forth in the Petition as follows:

>   (2)   The trial court erred in not declaring a mistrial for the prosecutions [sic] failure to disclose its case to the defense.
>
>   (3)   The trial court erred by allowing hearsay testimony of Investigating Officer Vinson, and Victim Debra McDonald in violation of Crawford v. Washington.
>
>   (4)   The trial court erred when it admitted the Identification testimony of Melvin Brown and the photo array exhibit

2

>           from which he identified petitioner at a pre trial [sic] photo
>           array.
>
> (5)   The trial court abused its discretion when it denied
>       petitioner an expert witness at state expense.
>
> (7)   Petitioner was denied effective assistance of counsel on
>       direct appeal in violation of the United States Constitution.
>
> (8)   Petitioners [sic] conviction is the result of the prosecutions
>       [sic] knowingly and Intentionally using perjured testimony
>       and false evidence to obtain a tainted conviction in
>       violation of the Federal Constitution.
>
> (9)   Petitioner was denied effective assistance of counsel when
>       counsel submitted four assignment [sic] of error for review
>       on an incomplete record.
>
> (10)  The application of Res Judicata in denying petitioners [sic]
>       timely filed 26(B) re opening [sic] is unjust and in violation
>       of petitioners [sic] rights under the sixth and fourteenth
>       amendments of the United States constitution.

**Ground Two**

Petitioner's second ground for relief rests upon the alleged failure of the prosecution to disclose knowledge of two knives, a beer can found at the crime scene, a police report, the victim's statement,[1] DNA data, a pretrial transcript from January 23, 2007, and a plea deal offered to a witness. The Magistrate Judge found that ground two was procedurally defaulted with respect to all of these underlying facts except for the police report, victim's statement, and DNA data. With respect to the latter three facts, the Magistrate Judge found that the state's decision was not contrary to or an unreasonable application of clearly established federal law.

---

[1] The victim's statement appears to be contained within the police report to which petitioner refers, parts of which were attached to petitioner's response to respondent's return of writ.

Petitioner objects to the conclusion that the knowledge of the two knives, a beer can, the pretrial transcript, and the witness's plea deal are procedurally defaulted, arguing that he presented these facts in his Rule 26(B) petition, giving the court the opportunity to rule on it. Petitioner objects to the conclusion that the state court's decision with respect to the police report, statement, and DNA data was not an unreasonable application of or contrary to clearly established federal law by arguing that the state court's decision with respect to this evidence denied him the right to present a defense.

Upon review, the Court agrees that ground two is partially procedurally defaulted. Ohio has a judicially-created procedural rule requiring a defendant who submits a supplemental *pro se* brief to present all claims requiring review, including claims of ineffective assistance of counsel, in that supplemental brief on direct appeal or the claims will be barred by *res judicata*. *See State v. Tyler,* 643 N.E.2d 1150, 1150 (Ohio 1994), *cert. denied* 516 U.S. 829 (1995); *State v. Carey,* No. 88487, 2008 Ohio 678, at ¶ 5 (Ohio Ct. App. Feb. 19, 2008). Petitioner did not raise the knowledge of the two knives, a beer can, the pretrial transcript, and the witness's plea deal in his supplemental brief. Thus, *res judicata* was an adequate and independent ground under *Maupin v. Smith,* 785 F.2d 135 (6th Cir. 1986), to find that the claims were procedurally defaulted. *See also Monzo v. Edwards,* 281 F.3d 568, 576-577 (6th Cir. 2002) ("In Ohio, *res judicata* has long been held to bar consideration of constitutional claims in post-conviction proceedings brought under Ohio Rev. Code Ann. section 2953.21 when those claims have already been or could have been fully litigated either before judgment or on direct appeal from that judgment."). The Court finds that ground two, to the extent it is based upon knowledge of the two knives, a beer can, the pretrial transcript, and the witness's plea deal, is procedurally defaulted.

4

As to the police report, victim's statement, and DNA data, this evidence was disclosed during trial.  Petitioner was permitted to cross-examine the victim on the statement, which the state court of appeals ruled ensured a fair trial.  The state court determined that the DNA evidence was not material and any error in not providing it sooner was thus not a *Brady* violation.  The Court agrees with the Magistrate Judge that petitioner has not shown that the appeals court decision was contrary to or an unreasonable application of clearly established federal law.  The cases cited by petitioner do not support his arguments that "other evidence [is] not a relevant inquiry in a *Brady* violation."  Accordingly, the Court finds that ground two is procedurally defaulted in part and without merit in part.

### Ground three

The Magistrate Judge found that ground three was without merit because Officer Vinson and the victim testified at trial, eliminating any possible violation of *Crawford.*  Petitioner objects to the Magistrate Judge's finding, arguing that the prosecution was allowed to present hearsay evidence but petitioner was not allowed to present hearsay evidence.  Petitioner's statement is incorrect.  The state court of appeals found that the testimony given by Officer Vinson was not hearsay, as the "observations were probative to show [the officers'] course of investigation" and "were not admitted to establish the truth of the matter asserted."  *State v. Collins,* No. 89668, 2008 WL 2058527, at *7 (Ohio App. May 15, 2008).  Moreover, Officer Vinson and the victim testified at trial and petitioner was permitted to cross-examine them.  Accordingly, the Court finds no violation of the Confrontation Clause, and ground three is without merit.

### Ground four

5

The Magistrate Judge concluded that petitioner failed to show that identification procedures were unnecessarily suggestive and thus found it unnecessary to conduct a totality of the circumstances analysis with respect to Melvin Brown's testimony and the photo array from which he identified petitioner.  Petitioner objects to this finding, arguing that his counsel was originally told by the prosecutor before trial that no identification ever occurred in this case and that Brown was not shown a photo array until moments before his trial testimony, which was nine months after the offense occurred.  Upon review, the Court agrees with the Magistrate Judge.  Although petitioner offers conclusory arguments that the identification was suggestive and prejudicial, he does not explain how the identification or the photo array was unnecessarily suggestive given Brown's clear view of petitioner during the offense and his immediate firm identification of petitioner from a photo array of four men with comparable facial hair and hair styles.  Accordingly, petitioner has not shown that the appeals court decision was contrary to or an unreasonable application of clearly established federal law, and ground four is without merit.

**Ground five**

The Magistrate Judge found that petitioner failed to show that he was entitled to additional funds for his expert.  Petitioner objects to this finding, arguing that the Constitution allows an expert witness at state expense, and that he should have been granted an additional $1000 for his expert's testimony in court.  Upon review, the Court agrees with the Magistrate Judge.  The appeals court held that defendant did not meet his burden in showing that his request for additional funds was reasonable.[2]  Petitioner did not show that expert testimony would have

---

[2] It appears that petitioner did not actually request an additional $10,000. Petitioner's motion for independent analysis of the DNA was granted but when it was determined that the cost for such analysis would be upwards of $10,000, petitioner's

aided his defense or that denial of expert testimony resulted in an unfair trial, pursuant to *State v. Mason,* 694 N.E.2d 932, 943 (Ohio 1998) (citing *Ake v. Oklahoma,* 470 U.S. 68 (1985) and quoting *Little v. Armontrout,* 835 F.2d 1240, 1244 (8th Cir. 1987)). Although petitioner argues that his expert's testimony would have rebutted some of the findings of the state's expert, petitioner does not show how it would have aided his defense in light of the other evidence against him. Accordingly, petitioner has not shown that the appeals court decision was contrary to or an unreasonable application of clearly established federal law, and ground five is without merit.

### Grounds seven, eight, and nine

The Magistrate Judge found that these claims were procedurally defaulted due to the state court of appeals denying petitioner's Rule 26(B) application on the basis of *res judicata*. Petitioner objects to this finding, arguing that *res judicata* does not apply. Upon review, the Court agrees with the Magistrate Judge for the reasons stated in the Court's review of ground two. As petitioner did not raise claims seven, eight, and nine in his supplemental brief, and raised them only in his Rule 26(B) application, the claims are procedurally defaulted.

### Ground ten

The Magistrate Judge found this claim to be not cognizable on federal habeas corpus review because the claim does not address the underlying state conviction giving rise to

---

allowance for an expert was capped at $1100 for either expert testimony or retesting. Petitioner's expert would have charged an additional $1000 for testimony. From the supporting facts alleged in the Petition, it appears that petitioner's argument is limited to the additional $1000, and he argues that amount should have been granted at the same time as the initial $1100.

petitioner's incarceration.  Petitioner objects to this finding, arguing that an ineffective assistance of counsel claim challenges his conviction.  Upon review, the Court agrees with the Magistrate Judge.  Petitioner is challenging the application of *res judicata* to his Rule 26(B) application.  A Rule 26(B) application is a collateral proceeding, therefore errors in the proceeding are not cognizable upon habeas review.  *Adkins v. Konteh,* No. 3:05 CV 2978, 2007 WL 461292, at *4 (N.D. Ohio Feb. 7, 2007) (citing *Klein v. Carter,* No. 1:01 CV 794, 2005 U.S. Dist. LEXIS 12571, at *28-29 (S.D. Ohio May 20, 2005)).  Accordingly, this claim is not cognizable on federal habeas corpus review.

**B.      Motion for Appointment of Counsel and Evidentiary Hearing**

The Magistrate Judge recommended denying appointment of counsel as petitioner's claims for relief are not sufficiently complex to warrant an evidentiary hearing or the appointment of counsel.  Plaintiff objects to this recommendation, arguing that the assistance of an attorney is required to address the exhaustion and default issues in the case and to help develop the record.  Upon review, the Court agrees with the Magistrate Judge.  The issues of default in this case are relatively straightforward and well-settled under Ohio and federal law.  Moreover, the Court finds that an evidentiary hearing would not be useful in ascertaining petitioner's grounds for relief.  Accordingly, petitioner's motion for appointment of counsel is denied, and petitioner's request for an evidentiary hearing is also denied.

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is DISMISSED as

procedurally defaulted as to grounds seven, eight, and nine, partially procedurally defaulted as to ground two, not cognizable on habeas review as to ground ten, and without merit as to the remaining grounds. Petitioner's Motion for Appointment of Counsel is DENIED. Further, this Court hereby fully incorporates the Report and Recommendation by reference herein. For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

       IT IS SO ORDERED.


                      /s/ Patricia A. Gaughan
                      PATRICIA A. GAUGHAN
                      United States District Judge

Dated: 9/9/10